UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GERARD FINKEL *as Chairman of the Joint
Industry Board of the Electrical Industry*,

      Petitioner,

v.

MECHANICAL ELECTRICAL CORP.,

      Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
21-CV-5995 (WFK) (RML)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is an unopposed petition to confirm an arbitration award. For the reasons to follow, the unopposed petition to confirm the arbitration award and the request for attorneys' fees and costs are GRANTED.

## BACKGROUND

On October 28, 2021, Gerard Finkel ("Petitioner") filed the instant action to confirm an arbitration award rendered pursuant to a collective bargaining agreement between Local Union #3 of the International Brotherhood of Electrical Workers and Mechanical Electrical Corp. *See* Petition, ECF No. 1. On November 3, 2021, Petitioner filed proof of service demonstrating Respondent had been served on November 1, 2021. ECF No. 9. On December 6, 2021, Petitioner filed a letter request to deem the petition unopposed. ECF No. 10. To date, Respondent has not moved, answered, or otherwise appeared in this action.

## DISCUSSION

The Court now grants the request to deem the petition as an unopposed motion to confirm the arbitration award and treats the unanswered petition as an unopposed motion for summary judgment. *See Trustees of the Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab.-Mgmt. Cooperation Funds v. Countrywide Home Improvement, Inc.*, No. 17-CV-2570-DRH-ARL, 2017 WL 5690922, at *2 (E.D.N.Y. Nov. 27, 2017) (Hurley, J.) ("Inasmuch as a petition

1

to confirm an arbitration award typically is accompanied by a record, courts treat an unanswered petition to confirm an arbitration award 'as an unopposed motion for summary judgment.'" (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)).

A district court's confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . and the court must grant the award unless the award is vacated, modified or corrected." *D.H. Blair & Co., Inc.* 462 F.3d at 110 (internal quotation marks omitted). The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). "[T]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *Supreme Oil Co., Inc. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (Holwell, J.) (quoting *New York Hotel & Motel Trades Council, AFL–CIO v. Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997) (Mukasey, J.). "Indeed, '[o]nly a barely colorable justification for the outcome reached by the arbitrator is necessary to confirm the award.'" *Trustees of the Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab.-Mgmt. Cooperation*, 2017 WL 5690922, at *2. Courts in this Circuit thus will only vacate an arbitration award upon a finding of one of the four statutory grounds provided in the Federal Arbitration act, or if the court finds an arbitration panel "has acted in manifest disregard of the law." *Porzig* , 497 F.3d at 139. The Court finds no such reason to vacate the arbitration award here. Furthermore, there exists more than a "barely colorable justification" for the award in this case. Therefore, the petition is granted, and the arbitration award is confirmed.

2

Judgment in the amount of $90,872.75 pursuant to the arbitration award as well as interest from the date of the award through the date of judgment. "When interest accrues during the pendency of the action and it is explicitly requested in the complaint, such interest will be awarded." *Finkel v. JCF Elec., Inc.*, No. 21-CV-03161 (CBA) (RER), 2022 WL 3682834, at *3 (E.D.N.Y. Aug. 25, 2022) (Amon, J.) (citing *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005) (Gershon, J.)). Pursuant to the Policy for the Collection of Delinquent Contributions, Petition Ex. C, interest on delinquent contributions is to be calculated at the rate set forth in Section 6621 of the Internal Revenue Code for all ERISA Plans, except the NEBF which has adopted a 10% interest rate. Petition ¶ 21. Therefore, interest on the judgment from the October 6, 2021 arbitration award to the date of the judgment is proper here.

Finally, Petitioner seeks $967.00 in fees and costs arising from this petition. The Policy for the Collection of Delinquent Contributions, Petition Ex. C, provides that an employer shall be liable for attorneys' fees and costs if legal action is commenced. "A party's failure to comply immediately with an arbitration award does not necessarily warrant an award of attorney's fees." *Abondolo v. H. & M. S. Meat Corp.*, No. 07 CIV. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (Sullivan, J.). "However, courts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Id.* (collecting cases). Such is the case here; thus, Petitioner is entitled to the attorneys' fees and costs sought.

## CONCLUSION

For the foregoing reasons, the Court grants the Petition and confirms the arbitration award. The Clerk of Court is respectfully directed to enter judgment for Petitioner in the amount of $90,872.75 plus interest on the unpaid contributions at the rate set forth in the Policy for the

Collection of Delinquent Contributions, Petition Ex. C., together with $967.00 in attorneys' fees and costs, and to close this case.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
U.S. DISTRICT JUDGE

Dated: December 16, 2022
       Brooklyn, New York